**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERNEST DAMOND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6454** |
| **N. BURL CAIN, WARDEN** | **SECTION: "R"(3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Ernest Damond, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On January 23, 1997, he was convicted of three counts of armed robbery under Louisiana law.[1]  On May 2, 1997, he was found to be a second offender and was sentenced as such on each count to a concurrent term of sixty-five years imprisonment without benefit of parole, probation, or suspension of sentence.[2]  On September 2, 1998, the Louisiana

---

[1] State Rec., Vol. 3 of 5, transcript of January 23, 1997, p. 107; State Rec., Vol. 3 of 5, minute entry dated January 23, 1997.
[2] State Rec., Vol. 3 of 5, transcript of May 2, 1997; State Rec., Vol. 3 of 5, minute entry dated May 2, 1997.

Fourth Circuit Court of Appeal affirmed those convictions but vacated the sentences.[3]  On June 25, 1999, he was then resentenced on two counts to terms of forty-nine years imprisonment, and he was also resentenced on the remaining count as a second offender to a term of sixty-five years imprisonment.  It was ordered that those sentences be served concurrently and without benefit of parole, probation, or suspension of sentence.[4]  On September 25, 2002, the Louisiana Fourth Circuit Court of Appeal affirmed those sentences.[5]

After unsuccessfully seeking post-conviction relief in the state courts, petitioner filed the instant federal habeas corpus application on or about December 2, 2015.[6]  The state opposes petitioner's application, arguing, *inter alia*, that it is untimely.[7]  Unfortunately, because this Court has been provided with only an unorganized and perhaps incomplete copy of the state court record, evaluation of that defense with any degree of certainty would be difficult and arguably impossible.[8]  However, because petitioner's claims are clearly meritless, the Court may deny relief on that basis, pretermitting consideration of the timeliness of the application or of any other purported procedural defects.[9]  Accordingly, in the interests of judicial economy, the undersigned recommends that petitioner's claims be denied as meritless for the following reasons.

---

[3] State v. Damond, No. 97-KA-2261 (La. App. 4th Cir. Sept. 2, 1998) (unpublished); State Rec., Vol. 3 of 5.
[4] State Rec., Vol. 4 of 5, transcript of June 25, 1999; State Rec., Vol. 4 of 5, minute entry dated June 25, 1999.
[5] State v. Damond, No. 2002-KA-1215 (La. App. 4th Cir. Sept. 25, 2002) (unpublished); State Rec., Vol. 4 of 5.
[6] Rec. Doc. 1.
[7] Rec. Doc. 7.
[8] For example, the state hints at the unorganized nature of the state district court's record, subtly but tellingly referring to the fact that those records are being "presented as received from the district court."  Rec. Doc. 7, p. 1.  The state also acknowledges that the district court's records are incomplete.  Rec. Doc. 8.  Simply put, the undersigned has no confidence that the records presented reflect a true and complete copy of all of petitioner's state court filings.
[9] A federal habeas court may pretermit a ruling on timeliness when it can more easily dispose of a petition on other grounds. See, e.g., Sokolowski v. Prince, Civ. Action No. 14-110, 2015 WL 631425, at *3 n.28 (E.D. La. Feb. 13, 2015); Gordon v. Cain, Civ. Action No. 12-1884, 2013 WL 3833076, at *2 n.22 (E.D. La. July 22, 2013); Brooks v. McCoy, No. 5:11-HC-2222-F, 2012 WL 3629233, at *4 (E.D.N.C. Aug. 22, 2012).  Likewise, a federal court need not decide whether a claim is procedurally barred if the claim clearly fails on the merits.  Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995); Wiley v. Puckett, 969 F.2d 86, 104 (5th Cir. 1992); Lande v. Cooper, Civ. Action No. 11-3130, 2013 WL 5781691, at *26 n.68 (E.D. La. Oct. 25, 2013); Corzo v. Murphy, Civ. Action No. 07-7409, 2008 WL

Petitioner argues that his sentences are unconstitutional under Miller v. Alabama, 132 S. Ct. 2455 (2012).  In Miller, the United States Supreme Court held that "*mandatory life* without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  Id. at 2460 (emphasis added).  Here, however, petitioner was sentenced on two counts to concurrent terms of *forty-nine years* and on the remaining count as a second offender to a concurrent term of *sixty-five years*.  Those sentences were neither *mandatory* nor for a term of *life* imprisonment.[10]  Accordingly, Miller is simply inapplicable.  See, e.g., United States v. Walton, 537 Fed. App'x 430, 437 (5th Cir. 2013) (holding that Miller does not apply to a *discretionary* sentence for a *term of years*).

It is unclear whether petitioner is also asserting, separate and apart from his Miller claim, a claim that his sentences are excessive under a traditional Eighth Amendment analysis.[11]  However, if he is, that claim likewise has no merit for the following reasons.

In Solem v. Helm, 463 U.S. 277, 284 (1983), the Supreme Court held that the Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed."  "This constitutional principle is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of legislatures, not courts."  United States v. Gonzales, 121 F.3d 928, 942 (5th

---

3347394, at *1 n.5 (E.D. La. July 30, 2008); Lee v. Cain, Civ. Action No. 06-9669, 2007 WL 2751210, at *9 (E.D. La. Sept. 18, 2007).  A federal court additionally has the authority to deny a habeas claim on the merits regardless of whether the petitioner exhausted his state court remedies and whether exhaustion is waived by the state.  28 U.S.C. § 2254(b)(2); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Lande, 2013 WL 5781691, at *26 n.68; Woods v. Cain, Civ. Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008).

[10] Petitioner faced a range of sentences under both the armed robbery statute and the habitual offender statute.  La. Rev. Stat. Ann. §§ 14:64(B) and 15:529.1(A).  The sentences here were imposed in an exercise of the judge's discretion based on his evaluation of the facts of this particular case.

[11] His application form lists two claims, one that his sentence is excessive, and another specifically referencing Miller.  Rec. Doc. 1, pp. 6 and 8.  However, his accompanying memorandum indicates that he is asserting "one claim," i.e. his Miller claim.  Rec. Doc. 1, p. 25.

Cir. 1997) (citing <u>Rummel v. Estelle</u>, 445 U.S. 263, 274-76 (1980)).   "[C]ourts must grant

substantial deference to the broad authority that legislatures necessarily possess in determining the

types and limits of punishments for crimes." <u>Gonzales</u>, 121 F.3d at 942 (quotation marks omitted).

"[T]herefore, it is firmly established that successful challenges to the proportionality of

punishments should be exceedingly rare." <u>Id</u>.  (quotation marks omitted).

     Interpreting <u>Solem</u> in light of intervening precedent, the United States Fifth Circuit Court

of Appeals has set forth the framework to be used when analyzing a claim that a sentence is

excessive:

> [W]e will initially make a threshold comparison of the gravity of [petitioner's]
> offenses against the severity of his sentence.  Only if we infer that the sentence is
> grossly disproportionate to the offense will we then ... compare the sentence
> received to (1) sentences for similar crimes in the same jurisdiction and (2)
> sentences for the same crime in other jurisdictions.

<u>McGruder v. Puckett</u>, 954 F.2d 313, 316 (5th Cir. 1992).   Moreover, when evaluating the

excessiveness of a sentence imposed under a habitual offender statute, a court must be mindful

that the "sentence is imposed to reflect the seriousness of [petitioner's] most recent offense, not as

it stands alone, but in the light of his prior offenses."  <u>Id</u>.

     The Fifth Circuit has noted that <u>Rummel v. Estelle</u>, 445 U.S. 263 (1980), "establishes a

benchmark for disproportionate punishment under the Eighth Amendment." <u>Gonzales</u>, 121 F.3d

at 943.  In <u>Rummel</u>, the Supreme Court upheld a petitioner's sentence to life imprisonment for

obtaining $120.75 under false pretenses.  The sentence was imposed under a Texas recidivist

statute and took into account petitioner's prior convictions for fraudulent use of a credit card and

passing a forged check.  The Fifth Circuit observed:

> We acknowledge that the distinction between constitutional sentences and grossly
> disproportionate punishments is an inherently subjective judgment, defying bright

> lines and neutral principles of law.  Nevertheless, we can say with certainty that the life sentence approved in Rummel falls on the constitutional side of the line, thereby providing a litmus test for claims of disproportionate punishment in violation of the Eighth Amendment.

Gonzales, 121 F.3d at 943 (footnote omitted).

Here, as noted, petitioner was sentenced on two counts of armed robbery to concurrent terms of forty-nine years and on one count of armed robbery to a concurrent term of sixty-five years as a second offender.  Those sentences fell well below the maximum sentences provided by law.[12]  Moreover, armed robbery is a particularly serious offense.  In light of those considerations, as well as the finding in Rummel that a *life* sentence was not excessive for the relatively *minor* offenses involved in that case, this Court cannot conclude that petitioner's sentences for these grave offenses are grossly disproportionate under federal law.  See, e.g., Simms v. Cain, Civ. Action No. 07-966, 2008 WL 624073, at *18 (E.D. La. Mar. 4, 2008) (ninety-nine year sentence for armed robbery was not excessive; enhanced sentence of one hundred ten years as a second offender for armed robbery was not excessive).  Because the sentences are not grossly disproportionate, this Court's "inquiry is finished."  Gonzales, 121 F.3d at 942.

## RECOMMENDATION

It is therefore **RECOMMENDED** that federal application for habeas corpus relief filed by Ernest Damond be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[12] La. Rev. Stat. Ann. §§ 14:64(B) and 15:529.1(A).

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this seventeenth day of March, 2016.


_____

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.