UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERNEST DAMOND                                    CIVIL ACTION

VERSUS                                              NO. 15-6454

N. BURL CAIN                                   SECTION "R" (3)


## ORDER AND REASONS

Before the Court is petitioner Ernest Damond's motion to proceed *in forma pauperis* on appeal.[1]  Because Damond's arguments lack good faith, the Court DENIES the motion.


## I.   BACKGROUND

Damond is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On January 23, 1997, Damond was convicted of three counts of armed robbery under Louisiana law.[2]  On May 2, 1997, he was found to be a second offender and was sentenced as such on each count to a concurrent term of sixty-five years imprisonment without benefit of parole, probation, or suspension of

---

[1]      R. Doc. 14.
[2]      R. Doc. 9.

sentence.[3]  On December 3, 2015, Damond filed a petition for writ of *habeas corpus*.[4]  Magistrate Judge Knowles, having determined that an evidentiary hearing was unnecessary, recommended that Damond's petition for *habeas corpus* be denied and dismissed with prejudice.[5]  This Court approved the Magistrate Judge's Report and Recommendation and adopted it as its opinion on September 16, 2016.[6]  In addition, the Court denied Damond a certificate of appealability.[7]

Damond now moves to proceed with his appeal *in forma pauperis*. Damond wishes to appeal this Court's rejection of his argument that his sentence violates the rule set forth in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), made retroactive by *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).[8]  Damond's motion to proceed *in forma pauperis* indicates that his current inmate account balance is $263.78 and that his average monthly deposits for the preceding six months is $71.39.[9]  Damond's motion also

---

[3]   *Id.*
[4]   R. Doc. 1.
[5]   R. Doc. 9.
[6]   R. Doc. 11.
[7]   *Id.*
[8]   R. Doc. 15.
[9]   R. Doc. 14.

2

states that the average monthly balance for the last six months is $29.40.[10]

Damond reports no other accounts or sources of income.[11]

## II.   LEGAL STANDARD

A claimant may proceed with an appeal in forma pauperis if he meets three requirements.   First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The district court must determine whether the costs of appeal would cause an undue financial hardship.  *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998).   Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal."  Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress.").   Third, the claimant's appeal must be "taken in good faith."  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).   "Good faith is demonstrated when a party seeks appellate review of any issue not frivolous."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

---

[10]     *Id.*
[11]     *Id.*

Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

## III.  DISCUSSION

Though Damond sufficiently indicates his inability to pay legal fees and states the issues he intends to present on appeal, the Court nonetheless concludes that Damond's motion to proceed *in forma pauperis* is without merit.  The Court denies the motion for lack of good faith.

As the Magistrate Judge correctly found in his Report and Recommendation adopted by this Court, *Miller* is inapplicable to Damond. *See United States v. Walton*, 537 Fed. App'x 430, 437 (5th Cir. 2013). *Miller* prohibited mandatory life without parole for juvenile offenders. 132 S. Ct. at 2464.  Though Damond was a juvenile when he was sentenced, his sentence was neither mandatory nor was it a sentence of life without parole. Additionally, Damond's argument that his punishment is nonetheless excessive under the Eighth Amendment is clearly foreclosed by precedent. *See United States v. Gonzales*, 121 F.3d 928, 942 (5th Cir. 1997) (citing

*Rummel v. Estelle*, 445 U.S. 263, 274-276 (1980)).  Because Damond's claims do not have an arguable basis in law or in fact, his appeal is lacks good faith.

## IV.  CONCLUSION

For the foregoing reasons, Damond's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this __28th__ day of October.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE